STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-81


ON REHEARING


MAZELLA SHAHAN FLOURNOY

VERSUS

OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC. AND
KEITH COLOMB, M.D.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20094550
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.


Saunders, J., dissents.
Gremillion, J., dissents and assigns written reasons.


REVERSED AND REMANDED.

**Jason M. Welborn**
**Joseph F. Garr, Jr., APLC**
**Post Office Drawer 2069**
**Lafayette, LA 70502-2053**
**(337) 233-3185**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Mazella Shahan Flournoy**

**Douglas K. Williams**
**Kelsey A. Clark**
**Breazeale, Sachse & Wilson, L.L.P.**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Our Lady of Lourdes Regional Medical Center**

**PERRET, Judge.**

This medical malpractice action was originally heard by a panel of this court consisting of Judge Shannon J. Gremillion, Judge John E. Conery and Judge David E. Chatelain, Judge Pro Tempore. [1] In that opinion, Judges Chatelain and Gremillion affirmed the trial court's judgment that granted summary judgment in favor of defendant, Our Lady of Lourdes Regional Medical Center, Inc., and Judge Conery dissented, finding genuine issues of fact that warranted a trial.

On June 1, 2017, an application for rehearing was filed on behalf of Plaintiff. At that time, Judge Candyce G. Perret, who was elected to the bench on April 29, 2017, replaced Judge Chatelain on the panel. The panel granted the rehearing on August 9, 2017. After oral argument, two judges proposed to reverse the judgment of the trial court and one judge proposed to dissent from that decision. Thus, the case was resubmitted and argued to a panel of five judges prior to rendition of judgment. La.Const. art. 5, §8(B).

Upon rehearing, and after a further review of the affidavits and depositions of Dr. Christopher Chaput and Dr. Donald Breech, the majority of the five-judge rehearing panel adopts as its opinion the dissenting opinion on the original hearing, which found that "at minimum, there are questions of material fact as to whether the hospital personnel in both the ER and Intensive Care Unit . . . promptly and correctly reported the severity and intensity of Ms. [Niki Lynn] Gannard's headaches and deteriorating condition to her attending physician, Dr. [Keith] Colomb." Accordingly, we agree with Judge Conery that, "in a case such as this, it

---

[1] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

will be up to the jury to assess credibility and weigh the evidence, decide the facts, and assign liability, if any, to the doctor and hospital."

## DECREE

The trial court judgment that granted summary judgment in favor of Our Lady of Lourdes Regional Medical Center, Inc. is reversed and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**.

MAZELLA SHAHAN FLOURNOY

VERSUS

OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.
AND KEITH COLOMB, M.D.

**Gremillion, J., dissents.**

A properly constituted panel of this court agreed with the trial court, and correctly found that the claims against the hospital and its nurses should be dismissed on summary judgment. This majority reverses the ruling of that panel based on "a further review of the affidavits and depositions of Dr. Christopher Chaput and Dr. Donald Breech." From this explanation, one could infer that these two doctors had offered testimony to help a jury answer the only important questions here; namely, whether the hospital or its nurses breached any standard of care and whether such a breach caused Ms. Gannard's death. But, they did not.

On the contrary, neither the report of Dr. Chaput nor the report of Dr. Breech contains "any reference whatsoever to the standard of care for hospitals or nurses or whether any such standards were breached by OLOL, much less an opinion on causation." See *Flournoy v. Our Lady of Lourdes Regional Medical Ctr., Inc.*, 17-81 (La.App. 3 Cir. 8/9/17), 222 So.3d 103. Moreover, both doctors testified that they were not experts in the fields of nursing care and/or hospital standards/procedures, and thus could not provide expert opinions on those issues.

Instead, the doctors responded to hypothetical questions posed by plaintiff's counsel. Some of those questions were only partly consistent with the facts at issue and others were wholly inconsistent. The majority finds this evidence creates genuine issues of material fact. I disagree. Witnesses who concede that they are not experts cannot provide material expert testimony, and answers to hypothetical questions not based entirely on fact cannot create a genuine issue of fact. If that were the case, any witness could opine on subject matter for which she has no expertise and that testimony would suffice to survive summary judgment. And worse, that witness could do so without being tethered to the facts being litigated.

Our task as a reviewing court is clear and simple: we review the record to determine the applicable standard of care, and whether there is any evidence suggesting that the standard of care was breached. A review of this record manifests two truths. First, multiple experts in the field of nursing care unanimously found that these defendants did not fall below the standard of care. Second, no experts empaneled or tendered in the field of nursing care provided any evidence that these defendants breached the standard of care.

For these reasons, as well as the reasons provided in the unanimous medical review panel decision of May 11, 2009, in Judge Patrick Louis Michot's minutes of October 31, 2016, and in Judge David E. Chatelain's excellent majority opinion, I would affirm the trial court and grant the defendant's motion for summary judgment. I respectfully dissent.